# IN THE UNITED STATES DISTRICT
# SOUTHERN DISTRICT OF MISSISSIPPI

**CANDACE E. TAYLOR,**

    **Plaintiff,**

**vs.**                                   **Case No:**   1:21cv294 HSO-JCG

**SECRETARY, DENIS McDONOUGH, for**       **JURY TRIAL DEMANDED**
**U.S. DEP'T OF VETERAN AFFAIRS,**

    **Defendant.**

## COMPLAINT OF TITLE VII SEXUAL HARASSMENT DISCRIMINATION

Comes now, Plaintiff, Candace E. Taylor, by and through her counsel of record, and files this Complaint of Discrimination against the Defendant, Department of Veteran Affairs. In support of her cause of action, she states the following:

## JURISDICTION

This Honorable Court has jurisdiction over the subject matter of this action pursuant to Title VII of the Civil Rights act of 1964 et. seq. Title VII prohibits employers from discrimination based on race, color, creed, sex, age, national origin, or religion. Harassment on the basis of sex is a violation of Sec. 703 of Title VII.

Plaintiff has exhausted all administrative remedies and procedures and received a Final Agency Decision on June 15, 2021. This civil action is filed within ninety (90) days of receipt of that decision. (Ex. 1).

## PARTIES

1. Plaintiff, Candace E. Taylor (hereinafter referred to as Ms. Taylor, Taylor, or Plaintiff) is an African-American female resident of Biloxi, Mississippi.

2. Defendant, Denis McDonough, Secretary for U.S. Dep't of Veterans Affairs, is located at 810 Vermont Avenue NW, Washington, DC 20420.

3. Service of process has also been effected upon Darren J. LaMarca, United States Attorney, 501 E. Court Street, Suite 4.430, Jackson, MS 39201.

## STATEMENT OF FACTS

4. Plaintiff, Candace E. Taylor, African-American female, was employed as an Equal Employment Opportunity Assistant at the Department of Veteran Affairs, 400 Veterans Avenue, Biloxi, MS 39531.

5. William Hardy, African-American male, was the EEO Program Manager, at the Department of Veteran Affairs, 400 Veterans Avenue, Biloxi, MS 39531.

6. As EEO Assistant, Plaintiff was on track for a promotion to GS-9 level after one year as EEO Assistant.

7. Beginning in April 2017, William Hardy began sending sexually charged text messages to Plaintiff, such as, "I asked to kiss you but that has not happened. I asked to kiss your jugs but that has not happened. So you quit talking to me? Are you getting dressed for work? I guess you have clothes on."

8. Plaintiff complained to Hardy about his offensive conduct and was told by him that he was just "lonely and horny."

9. After Plaintiff voiced her complaints to William Hardy about his sexual harassment of her, she was subjected to harsh and demeaning treatment.

10. After rejecting his advancements, William Hardy told the Plaintiff that she needed to find another job and provided her with a list of open positions.

11. William Hardy's treatment of Plaintiff became increasingly hostile and more than once she was reduced to tears, often leaving the office to escape his intimidation tactics. He would say things to her, such as "get the f—k out; it doesn't make a difference to me."

12. Plaintiff talked to Constance Ceasar, Equal Opportunity Specialist about the sexual harassment that she was receiving from William Hardy; she was temporarily assigned to work under the supervision of Ms. Scott in Medical Administrative Service (MAS).

13. Upon learning of the move, Hardy demanded that Plaintiff be returned to the EEO office under his supervision; she was immediately returned to that office by Ceasar as directed by Hardy.

14. Plaintiff thereafter received a personal email from Constance Ceasar which stated that she wished that she was able to help her.

15. William Hardy was later detailed to another position and Plaintiff was forced to encounter him daily in the parking lot.

16. In November 2017, after admitting to sending the text messages to Plaintiff, Hardy was allowed to retire from his position as EEO Manager.

17. Defendant's unlawful conduct complained of above was intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiff.

18. Plaintiff' experienced sexual harassment, intimidation and ridicule from her male supervisor that was not of a kind directed to male subordinates of Hardy.

19. The unlawful sexual harassment of Plaintiff by Defendant caused her to suffer extreme emotional distress in her working life and in her personal life.

20. The Defendant's unlawful unwelcomed sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature substantially interfered with Plaintiff's work performance and created an intimidating, offensive, and hostile work environment.

21. The Defendant's unlawful unwelcomed sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature implied that submission by Plaintiff to such conduct was explicitly or implicitly a term or condition of her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in her favor:

1. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Front pay and the value of future lost benefits;

3. Compensatory damages against Defendant in the amount of Three Hundred Thousand Dollars ($300,000.00);

4. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney fees allowed under Title VII.

5. Punitive damages because of the egregious nature of Defendant's acts;

6. For all further relief as deemed just and proper.

7. The Plaintiff demands a jury to try the issues joined herein.

Respectfully submitted,

/s/Shantrell Nicks (MSB#99642 )
Attorney for Plaintiff
1800 25th Avenue
Gulfport, MS 39501