## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CANDACE E. TAYLOR** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:21-cv-294-HSO-BWR** |
| | § | |
| **DENIS MCDONOUGH, Secretary for** | § | |
| **U.S. Department of Veterans Affairs** | § | **DEFENDANT** |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION [60] FOR REPAYMENT OF ADMINISTRATIVE AWARDS</u>

BEFORE THE COURT is Defendant Denis McDonough, Secretary for the

U.S. Department of Veterans Affairs' ("Defendant" or "the VA") Motion [60] for

Repayment of Administrative Awards.  The Motion [60] is fully briefed.  After due

consideration of the Motion [60], the parties' submissions, and relevant legal

authority, the Court finds that the Motion [60] should be granted, and Plaintiff is

ordered to repay the administrative awards at issue.

## I. <u>BACKGROUND</u>

### A.   <u>Factual and procedural history</u>

Plaintiff Candace E. Taylor ("Plaintiff" or "Taylor") alleged that in 2017 she

was sexually harassed by her supervisor at the Biloxi VA Medical Center.  She filed

a Title VII administrative complaint with the VA, and in 2020 the agency awarded

her $12,675.97 in compensatory damages and $79,312.50 in attorney's fees.

Apparently dissatisfied with the agency award, in 2021 Taylor filed suit in this

Court on the same claims.  Here, she again alleged violations of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq., and sought over $300,000.00 in damages.  *See* Am. Compl. [5].

In February 2023, this Court granted Defendant's Motion [44] for Summary Judgment and dismissed Taylor's claims with prejudice.  The Fifth Circuit affirmed.  *See Taylor v. McDonough*, No. 23-60106, 2024 WL 1504343 (5th Cir. 2024).  The VA now seeks repayment of the administrative awards Taylor received.

## II. DISCUSSION

A.   Whether Defendant is entitled to repayment of the administrative awards

Under Title VII, federal employees who secure a final administrative disposition finding discrimination and awarding relief "have a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy."  *Massingill v. Nicholson*, 496 F.3d 382, 385 (5th Cir. 2007) (quoting *Scott v. Johanns*, 409 F.3d 466, 472 (D.C. Cir. 2005)); *see also* 42 U.S.C. § 2000e-16(c).

But plaintiffs who choose to file a lawsuit face a risk—if they lose, the Government may counterclaim to recover any amounts previously paid.  *See Massingill*, 496 F.3d at 386-87 ("[T]he VA here can counterclaim against [the employee] for the amounts already paid . . . if no liability is found or the offset is greater than the recovery."); *Smith v. Principi*, 341 F. App'x 34, 37 (5th Cir. 2009) ("[I]f, as a result of the de novo review, no liability is found or a lower award is granted, the VA may counterclaim against [the employee] to recover the amounts paid in excess of the ultimate award."); *Hodge v. Potter*, 257 F. App'x 728, 730 (5th

Cir. 2007) (explaining that "by seeking de novo review in district court, [the plaintiff] incurred the risk of losing on the merits" and affirming Government's recovery of administrative award); *Farrar v. Nelson*, 2 F.4th 986, 989 (D.C. Cir. 2021) ("Of course, [the employee] risked losing his previously-awarded damages when he filed his civil action. The district court may find no liability on his claim, and NASA could file a counterclaim to recover the administrative award[.]").

That is exactly what happened here. Taylor received a favorable final agency decision from the VA awarding her compensatory damages and attorney's fees. *See* Resp. [63], Ex. 2. Rather than accepting the disposition and its award, she filed this lawsuit, seeking a de novo trial of both liability and remedy. And this Court dismissed her claims with prejudice. J. [49]. The Government filed a counterclaim and is entitled to recover any amounts previously paid.

Of note, Taylor does not appear to directly dispute the proposition that the Government may recover administrative awards from a plaintiff who loses their de novo suit in district court. Nor does she address any of the cases cited by the VA supporting that proposition. Rather, she argues in part that because this Court dismissed her case "at the summary judgment stage[,]" she in fact remains a prevailing party "because she prevailed on a primary issue at the administrative level[.]" Resp. [63] at 3.

But it is immaterial that Taylor's case was dismissed at the summary judgment stage. In *Hodge v. Potter*, the district court ordered repayment of administrative awards after granting summary judgment, and the Fifth Circuit

affirmed.  257 F. App'x at 730.  And in any event, there can be no serious dispute that summary judgment operates as an effective decision on the merits. *See Duarte v. Mayorkas*, 27 F.4th 1044, 1051 n.5 (5th Cir. 2022) ("However, our precedents establish that a grant of summary judgment is an adjudication on the merits . . . ." (citing *Stanley v. Cent. Intel. Agency*, 639 F.2d 1146, 1157-58 (5th Cir. 1981))); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2713 (4th ed. 2024) ("A summary judgment . . . is on the merits and purports to have preclusive effect on any later action.").  The VA prevailed on the merits in this case; it is therefore entitled to recoupment.

B.    Whether Taylor is a prevailing party

Taylor argues that she is a prevailing party "because she prevailed on a primary issue at the administrative level, namely, the termination of the employer [sic] who is guilty of subjecting her to sexual harassment."  Resp. [63] at 3.  She notes that "[t]he District Court's [sic] left undisturbed Plaintiff's victory on that issue."  *Id.*  Thus, Taylor concludes, she is "entitled to retain her compensatory award and that of the attorney's fee."  *Id.*  But this is an incorrect statement of the law, and Taylor is not a prevailing party.

The term "prevailing party" is a "legal term of art" used across various statutes to designate those parties eligible for an award of litigation costs.  *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 598 (2001).  To be a prevailing party, a "plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail," *id.* at 603 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)), and that relief must create a

4

"material alteration of the legal relationship of the parties" that is "judicially sanctioned," *id.* at 604-05.  Importantly, the Supreme Court in *Buckhannon* explained that a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."  *Buckhannon*, 532 U.S. at 605.  In short, to be a prevailing party, a plaintiff must "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Amawi v. Paxton*, 48 F.4th 412, 417 (5th Cir. 2022) (quoting *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006)).

Taylor is not a prevailing party under this test.  She did not obtain an enforceable judgment from this Court that altered the legal relationship between the parties; she lost at the summary judgment stage and at the Court of Appeals. *See* Order [48]; *Taylor*, 2024 WL 1504343, at *1.  And no relief from this Court modified the VA's behavior in a way that directly benefitted her; her case was dismissed with prejudice.  *See* J. [49].

Despite acknowledging that the *Buckhannon* analysis controls, *see* Resp. [63] at 2, Taylor persists in her prevailing party argument because her administrative complaint apparently caused the VA to terminate "the employer [sic] who is guilty of subjecting her to sexual harassment," *id.* at 3.  But the Supreme Court—and the Fifth Circuit—have long rejected this so called "catalyst theory" because "[i]t allows

an award where there is no judicially sanctioned change in the legal relationship of the parties." *Amawi*, 48 F.4th at 417 (quoting *Buckhannon*, 532 U.S. at 605). Taylor cites no caselaw to the contrary.  Even if her administrative complaint was the cause of her supervisor's termination, that "voluntary change in conduct . . . lacks the necessary judicial *imprimatur*[.]" *Buckhannon*, 532 U.S. at 605.

And even assuming arguendo that Taylor was the prevailing party in the underlying administrative decision, that would not bind this Court in the case's current posture—a de novo review pursuant to 42 U.S.C. § 2000e-16(c).  As the Fifth Circuit has explained, "when a federal employee comes to court to challenge, in whole or in part, the administrative decision of his or her discrimination claims, the court must consider those claims de novo, and is not bound by the results of the administrative process . . . ." *Hodge*, 257 F. App'x at 730 (quoting *Morris v. Rumsfeld*, 420 F.3d 287, 294 (3d Cir. 2005)).  This Court is not bound by the VA's prior decision.

In sum, Taylor's prevailing party argument does not preclude the VA's recovery of the administrative awards.

C.     Whether the Court has subject-matter jurisdiction over the Motion [60]

Finally, Taylor argues that because the VA "failed to appeal the attorney [sic] fee award within the ninety (90) days [sic] applicable time frame" this Court is "without subject matter jurisdiction to order the return of" the attorney's fees provided in the administrative awards.  *See* Resp. [63] at 4-5.  But the Court is not aware of any authority to support this argument, and Taylor points to none.

6

Under the governing statute, only "an *employee or applicant for employment*, if aggrieved by the final disposition of his complaint . . . may file a civil action" challenging an agency's final action on a discrimination complaint.  42 U.S.C. § 2000e-16(c) (emphasis added).  The statute says nothing of *the agency's* ability— much less its obligation—to challenge its own decision within 90 days.  Rather, the statute specifically provides that in such a challenge, "the head of the department, agency, or unit, as appropriate, shall be the defendant."  *Id.*  Therefore, the VA was not required to appeal the attorney's fee award in order to succeed on this Motion.

And contrary to Taylor's contention, this Court does have subject-matter jurisdiction to order the relief requested, including the return of attorney's fees. The Fifth Circuit has repeatedly explained that a federal-sector employee suing under Title VII "cannot request a partial de novo review of the agency's decision, but may only seek either to enforce the final administrative decision or a de novo review of *the entire* agency decision, including both liability and the remedy." *Smith*, 341 F. App'x at 36 (emphasis added) (citing *Massingill*, 496 F.3d at 384-85). Taylor sought—and this Court conducted—a de novo review of the entire agency decision.  This Court has jurisdiction over the entire remedy.

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant

Denis McDonough, Secretary for the U.S. Department of Veterans Affairs' Motion

[60] for Repayment of Administrative Awards is **GRANTED**, and Plaintiff Candace

E. Taylor is **ORDERED** to repay the administrative awards at issue.

**SO ORDERED** this the 22nd day of October, 2024.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE